IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| DELBERT WAYNE COLQUITT | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:09cv42 |
| TRAVIS STRICKLAND, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Delbert Colquitt, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights by officials with the City of Lufkin. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c). As Defendants, Colquitt named Lufkin police officers Travis Strickland and Robert Scott, and a physician's assistant named Lauren Gaudette. The claims against Gaudette have previously been dismissed.

An evidentiary hearing was conducted on September 30, 2009. At this hearing and in his complaint, Colquitt stated that he was arrested by Strickland and Scott at his home on September 8, 2008. He says that he went outside at some time between 10:00 p.m. and midnight to where his common-law wife Gwendolyn was sitting on the porch. They talked about "getting the kids something to eat," and Colquitt saw a friend named Toran. He asked Toran if he, Colquitt, could use Toran's car to go to the store, and Toran said yes.

Colquitt stated that he talked to Gwendolyn for a short time about what they wanted from the store. He then went to clean Toran's car, wiping off the windshield and making sure that there was not any "junk or cans or something" in the car. His back was turned, but he heard a car pull up, and

then he heard someone say "Elbert," or something like that. Another friend of Colquitt's, Kim Dukes, said "there's a car pulling up."

Colquitt said that he glanced around, but did not know at first that the men were police officers; although he later saw that they were in uniform, he said that it was dark and he could not really see them at first. He conceded that he had missed reporting for a parole for a couple of months, because there was no longer a parole office in Lufkin and he had to go to Nacogdoches. Nonetheless, Colquitt said that he began making his way back to the house, because "he did not know what was going on." The men followed him.

When they got to the porch, Colquitt said, one of the men said "Elbert, I've got a warrant." Colquitt asked to see the warrant, but the man did not reply. Colquitt said that his name is not Elbert and walked onto the porch.

At that point, Colquitt said, he was thrown from the porch. He said that he was hit in the head with a flashlight and kicked in the side, stomped on, and hit numerous times. Colquitt said that he was physically unable to handle the two men, because he had an old injury to his right arm, and his wife said "what's wrong with you all? Why are you all beating him like that?"

The officers got him handcuffed, Colquitt said, and put him in the squad car. They took him to the police station when they should have taken him to the hospital; Colquitt says that he was bleeding from his head and he had torn some ligaments in his shoulder as a result of the handcuffing. He also said that Strickland had sprayed him with mace.

When they arrived at the police station, Colquitt said, Strickland told him that they had a parole warrant. He said that he was told that if he waived his revocation hearing, things would go smoother and he would have a quicker chance to go home, but that this was not true; in fact, Colquitt said, he waived his hearing and his parole was revoked. Colquitt also said that he was charged with resisting arrest, and his attorney told him that the State was offering a 121-day sentence; he had already been in jail over 100 days, so his attorney told him that he had nothing to lose and he might as well go ahead and plead guilty to it, so he did.

On cross-examination, Colquitt said that he did not realize that it was a police car until he got inside of it. He again said that the officers had thrown him off of his porch and beat him. However, Colquitt said that he has cooperated with the police in the past and that he respects the work which they do in the community.

Officer Strickland testified that he and Scott were traveling in a marked police car, wearing pullovers which said "police" in three-to-four inch reflective letters. He stated that when they pulled up, they identified themselves to Colquitt as police officers and told him that he was under arrest. Scott told Colquitt to drop the cigarette he was holding and Colquitt refused. When the officers reached for him, he broke away and ran toward the house. They all arrived on the porch about the same time and went off the porch together. When they landed on the ground, Strickland said, Colquitt continued to resist, but was finally subdued and handcuffed. Strickland acknowledged that force was used on Colquitt, including three blows from a flashlight and the use of chemical spray. During the altercation, two different persons, both females, tried to intervene on behalf of Colquitt, but were pushed away. The officers ultimately managed to handcuff Colquitt and take him to the Sheriff's Department.

Officer Robert Scott testified that he was in uniform at the time of Colquitt's arrest. He said that Colquitt resisted the arrest and that Colquitt appeared to have use of both of his arms.

After Scott and Strickland had answered the lawsuit, the Court set the case for trial. However, this trial was continued for consideration of a motion for summary judgment filed by the Defendants. This motion argues that the Defendants are entitled to summary judgment because they are entitled to qualified immunity, their actions are privileged pursuant to Texas law, and Colquitt pleaded guilty to resisting arrest in connection with this incident. Colquitt has filed a response to the motion, which he entitles a "disclosure of truth."

In this response, Colquitt says that he is actually innocent of resisting arrest and that he has eyewitnesses to prove it. He concedes that he pleaded guilty, but says that this plea was "unintelligently entered" and that the disclosure documents given to him by the defendants in the

3

present case are perjured. Colquitt lists a number of persons whom he wants called as witnesses and says that the Defendants are "crooked policemen" who "lie and perjure themselves in open court." He discusses an incident which occurred in May of 2008 and complains that his parole officer said that she would not send him back to prison and then did just that. Colquitt says that the officers in the present case did not have a warrant although they said they did, that he was on his own property and not in the street, and that there were witnesses to the police brutality.

Legal Standards and Analysis

In Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999), the plaintiff Richard Sappington filed suit against police officers for using excessive force on him. One of the defendants, Garcia, moved for summary judgment, claiming that Sappington's conviction for aggravated assault against Garcia precluded the lawsuit. The district court denied summary judgment, but the Fifth Circuit reversed on appeal, saying that because Sappington was convicted of aggravated assault upon Garcia, the force used by Garcia could not be deemed excessive. Thus, the Fifth Circuit said, because Sappington's allegations were inconsistent with his conviction for aggravated assault, his claims were barred under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 485, 114 S. Ct. 2364, 2372 (1994).

In Stephens v. Scott, 244 Fed.Appx. 603 (5th Cir., August 10, 2007) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2007 WL 2298098), a case remarkably similar to the present one, the plaintiff Aubrey Stephens filed suit complaining that Houston police officers beat him after a traffic stop. The district court dismissed the claims against Officer Sanchez, one of the officers in the initial stop, finding that because Stephens had pleaded guilty to resisting arrest, his excessive force claim was inconsistent with the guilty plea.

In affirming this dismissal, the Fifth Circuit stated that the offense of resisting arrest requires a finding that the defendant prevent or obstruct a peace officer by using force against the peace officer or another. In reviewing the sequence of events as alleged by the plaintiff, the question is whether this version of events is necessarily inconsistent with the guilty plea, including whether the

4

version of events alleged by the plaintiff would imply the invalidity of the conviction because of any defense to the crime of resisting arrest.

In Texas, the use of force to resist a police officer is justified if, before the actor offers any resistance, the peace officer uses or attempts to use greater force than necessary to make the arrest or search. In Stephens, the plaintiff alleged that he attempted to pull himself under a truck in response to an unprovoked beating from several police officers. The Fifth Circuit stated that his actions in doing so would have been justified in self-defense and thus were necessarily inconsistent with the conviction for resisting arrest.

In the present case, the records show and Colquitt concedes that he pleaded guilty to and was convicted of resisting arrest in connection with this incident. Court records attached by the Defendants show that a parole violator warrant was issued for Colquitt on July 18, 2008. An information was issued on September 4, 2008, alleging that Colquitt did then and there "intentionally prevent and obstruct TRAVIS STRICKLAND, a person he knew to be a peace officer, from effecting an arrest or transport of DELBERT W. COLQUITT by using force against the said peace officer." On January 22, 2009, Colquitt pleaded guilty to the information. The guilty plea which he signed said that "I confess that I committed the offense as alleged in the State's information and that each element of the State's pleading is true. In open court I freely and voluntarily enter my plea of guilty/nolo contendere to the offense charged in the indictment and request the Court to make immediate disposition of this case based upon my plea."

As the Fifth Circuit said in Stephens, the offense of resisting arrest requires as an element that the defendant prevent or obstruct a peace officer from effecting an arrest by using force against the peace officer or another. Tex. Penal Code art. 38.03(a). In reviewing a civil case arising from an incident in which a conviction for resisting arrest occurred, the court is not to consider any theoretical conduct that could have occurred to satisfy the elements of the offense, but instead must review the sequence of events as alleged by the plaintiff on summary judgment. If these events are inconsistent with the conviction, as for example where they establish the defense of self-defense,

5

they would necessarily imply that the conviction was invalid, which would mean that the civil lawsuit concerning these events was barred by Heck v. Humphrey, 512 U.S. 477, 485. 114 S. Ct. 2364, 2372 (1994).

In the present case, Colquitt alleges that he was in his yard when two men approached him and called to him by the wrong name ("Elbert"). He did not know what was happened and tried to get to his house, but the men followed him to the porch. One of them said that he had a warrant but did not respond when Colquitt asked to see it. The men then threw him off of the porch and beat him severely before placing him in a car and taking him to the Sheriff's Department. Colquitt says that he did not resist in any way and in fact was unable to do so because of the injury to his arm. Instead, he says that the officers beat him without provocation.

Colquitt indicates that he did not know that his assailants were peace officers until later, which is also inconsistent with a conviction for resisting arrest. That offense provides in pertinent part that a person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest by using force against the peace officer. In the present case, the sequence of events alleged by Colquitt shows that he did not know that Strickland and Scott were peace officers at the time that they encountered him and that he did not obstruct them from making an arrest by using force against them. This version of events is entirely inconsistent with a conviction for resisting arrest and, if proven, would imply the invalidity of that conviction, a fact which is highlighted by Colquitt's insistence in his response to the motion for summary judgment that he is innocent of the offense and that his guilty plea was involuntary.

In Sappington, the Fifth Circuit stated that "when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismiss unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Sappington, 195 F.3d at 235, *citing* Heck v. Hunphrey, 512 U.S. at 486-87. In this case, a judgment in favor of Colquitt would clearly imply the invalidity of his conviction for resisting

arrest, and Colquitt has failed to show that this conviction or sentence has been invalidated, expunged, or otherwise set aside. For this reason, the Defendants' motion for summary judgment is valid as to this point, and Colquitt's lawsuit may be dismissed as set forth by the Fifth Circuit in Sappington.

## Conclusion

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

In this case, there is no disputed issue of fact as to the relevant issues in the case. The undisputed facts show that Colquitt was convicted of resisting arrest in connection with the incident forming the basis of the lawsuit, and that this conviction has not been overturned, set aside, or otherwise expunged. Colquitt's version of events, including his contentions that he did not know that his assailants were peace officers and that he did not resist them through the use of force, would if proven imply the invalidity of this conviction; Colquitt himself underscores this fact through his contention that he is actually innocent of the offense and that his guilty plea was involuntary. Consequently, Colquitt cannot maintain a claim for damages until such time as the Heck conditions are met, meaning that the conviction has been overturned, expunged, or set aside. His lawsuit may therefore be dismissed.[1] It is accordingly

ORDERED that the Defendants' motion for summary judgment (docket no. 73) is GRANTED as to the Heck issue. It is further

---

[1] Because Colquitt's lawsuit is barred pursuant to Heck, the Court need not and does not reach the applicability of the other defenses raised in the Defendants' motion for summary judgment.

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice to its being asserted again until such time as the Heck conditions are met. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **12** day of **May, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE